### C. F. DAVIS v. THE STATE.

#### No. 11103.    Delivered December 14, 1927.

**Possessing Intoxicating Liquor—Statement of Facts—Bills of Exception—Must be Filed Within Time.**

Where statement of facts and bills of exception are filed more than ninety days after notice of appeal is given, unless a valid excuse is shown for not filing in time, such statement of facts or bills of exception cannot be considered.

Appeal from the District Court of Howard County. Tried below before the Hon. Fritz R. Smith, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale. Punishment is one year in the penitentiary.

Appellant's motion for new trial was overruled on the 21st day of February and ninety days allowed therefrom in which to file statement of facts and bills of exception. (Subd. 5, Art. 760, C. C. P.) The ninety days expired on the 22nd day of May. The bills of exception and statement of facts were not filed in the lower court until the 27th day of May. We find in the record an affidavit from the court reporter explaining that

he was delayed in preparing the statement of facts and the memorandum of bills of exception on account of eye trouble, and the sickness of his wife, but nowhere in the affidavit does he state how much of a delay occurred or when in fact they were delivered to appellant or his attorneys. The date of the court's approval on the bills of exception is not shown, but the approval of the statement of facts is shown to have been on the 15th day of May, which was seven days before the time for filing expired. No excuse appears why it was not filed within that time. Under the showing made we are not authorized to consider the bills of exception or statement of facts.

The judgment is affirmed.

*Affirmed.*